UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D1, MICHAEL JOHNSON,

    Defendant.

Case No. 19-cr-20437-01
Hon. Matthew F. Leitman

_____/

**ORDER DENYING DEFENDANT'S (1) MOTION TO REVOKE DETENTION ORDER (ECF No. 31) AND (2) RENEWED AND EMERGENCY MOTION TO REVOKE DETENTION ORDER (ECF Nos. 49, 50)**

Defendant Michael Johnson is awaiting trial in this Court. On June 25, 2019, the assigned Magistrate Judge issued an order detaining Johnson pending trial (the "Detention Order"). (*See* Detention Order, ECF No. 9.) Johnson has now filed two motions seeking to revoke the Detention Order. (*See* Mots., ECF No. 31, 49, 50.) For the reasons that follow, the motions are **DENIED**.

**I**

On June 18, 2019, Johnson was charged in a criminal complaint with possession with intent to distribute 50 grams or more of methamphetamines in violation of 21 U.S.C. § 841(a), being a felon in possession of a firearm in violation

1

of 18 U.S.C § 922(g), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (*See* Crim. Compl., ECF No. 1, PageID.1.)

On June 25, 2019, Magistrate Judge David Grand held a detention hearing and ordered that Johnson be detained pending trial. (*See* Detention Order, ECF No. 9.) In preparation for the hearing, a Pre-Trial Services officer prepared a report recommending that Johnson be detained. In a written order entered following the hearing, Magistrate Judge Grand concluded that Johnson had not introduced sufficient evidence to overcome the presumption that no condition or combination of conditions could reasonably assure Johnson's appearance and the safety of the community. (*See id.*, PageID.19.) Magistrate Judge Grand also found, by clear and convincing evidence, that there was a serious risk that, if released, Johnson would endanger the safety of another person or the community. (*See id.*) Magistrate Judge Grand further found, by a preponderance of the evidence, that no condition or combination of conditions of release would reasonably assure Johnson's appearance. (*See id.*) Finally, Magistrate Judge Grand found that the nature of the offense, weight of the evidence, and Johnson's criminal history weighed in favor of detention. (*See id.*)

On June 26, 2019, a grand jury indicted Johnson on one count of conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); two counts of possession with intent to distribute

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i); one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g); and one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). (*See* Indictment, ECF No. 10.) The grand jury subsequently issued a First Superseding Indictment which charges Johnson with the same offenses. (*See* First Superseding Indictment, ECF No. 24.)

On October 15, 2019, Johnson filed a motion to revoke the Detention Order. (*See* Mot., ECF No. 31.) In that motion, Johnson argues that he is not a "run of the mill (alleged) drug distributor, but [is] instead a father, [and] a giving person who has hired an attorney to help him resolve this matter." (*Id.*, PageID.84.) He therefore insists that pre-trial detention "is unnecessary." (*Id.*) On March 24, 2020, Johnson filed a renewed motion to revoke the Detention Order. (*See* Renewed Mot., ECF Nos. 49-50.) In the renewed motion, Johnson argues that he is entitled to release due to the ongoing COVID-19 pandemic. (*See id.*)

## II

Pretrial detention of criminal defendants is governed by the Bail Reform Act, 18 U.S.C. § 3142. The United States Court of Appeals for the Sixth Circuit has

explained that that Act establishes the following framework for review of pretrial detention matters:

> Under the Bail Reform Act, 18 U.S.C. § 3142, upheld by the Supreme Court in *United States v. Salerno,* 481 U.S. 739, (1987), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(b). The default position of the law, therefore, is that a defendant should be released pending trial.
>
> That default is modified, however, for certain, particularly dangerous defendants. Specifically, when a "judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3). A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. [*United States v.*] *Hazime,* 762 F.2d [34,] 37 [(6th Cir. 1985)]. Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention.
>
> As our sister circuits have found, section 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *See, e.g., United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes,* 786 F.2d 758, 764 (7th Cir. 1985). A defendant satisfies his burden of production when he

"com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Mercedes,* 254 F.3d at 436. Although a defendant's burden of production "is not heavy," he must introduce at least some evidence. *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991); *see also United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991)("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption.").

Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes,* 254 F.3d at 436. The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. *See United States v. Jessup,* 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by *United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990), ("Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found"); *see also United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). To rebut the presumption, therefore, a defendant should "present all the special features of his case" that take it outside "the congressional paradigm [.]" *Jessup,* 757 F.2d at 387.

Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will

5

appear and to assure the safety of the community. In determining whether the government has met that burden of persuasion, the court must consider certain factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, ... a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

18 U.S.C. § 3142(g). However, consideration of these factors shall not be construed to modify or limit the presumption of innocence. 18 U.S.C. § 3142(j).

*United States v. Stone*, 908 F.3d 939, 945-46 (6th Cir. 2010).

In reviewing Johnson's motions, this Court will not accord deference to Magistrate Judge Grand's conclusions and will, instead, conduct a *de novo* review of the evidence and legal issues. *See, e.g., United States v. Williams*, 948 F.Supp. 692, 693 (E.D. Mich. 1996) ("This court reviews *de novo* the magistrate's order of pretrial detention").

### III

### A

The Court first must consider whether Johnson has overcome the rebuttable presumption that no condition or combination of conditions of release would reasonably assure his appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3). He has not.

In Johnson's first motion, he says only that he should be released because he is a father and because he has hired an attorney. (*See* ECF No. 31, PageID.84.) Those facts, standing alone, do not overcome the presumption that there are no conditions of release that could reasonably assure his appearance or the safety of the community if he were released pending trial. In addition, while Johnson attaches to his first motion a ruling of another Judge of this Court granting pretrial release to a different defendant (*see* ECF No. 31-1), the circumstances of that case and that defendant were different, and, in any event, the case is not evidence that overcomes the presumption in favor of detention. The Court is not persuaded that that decision

compels relief here. Likewise, in Johnson's renewed motion to revoke the Detention Order, he does not address the presumption in favor of detention. For these reasons, Johnson has not overcome the presumption that he should be detained pending trial.

**B**

Even if Johnson had overcome the presumption in favor of detention, the Court would still not grant his motions and revoke the Detention Order. That's because under the applicable Section 3142(g) factors, pretrial detention is still warranted here.

The Court first considers the nature and circumstances of the offenses charged, including whether they involve a firearm. *See* 18 U.S.C. § 3142(g)(1). The charges here are serious. Johnson has been charged with multiple drug and gun offenses, including possession with intent to distribute methamphetamine, being a felon in possession of a firearm, and possession of a firearm with an obliterated serial number. In addition, when officers executed a search warrant at Johnson's home, they found four loaded firearms, including an assault rifle.

The second factor that the court must consider is the weight of the evidence. *See* 18 U.S.C. §3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. The weight of evidence of Johnson's dangerousness is strong. Johnson has a lengthy history of firearms related offenses, at least one prior violent offense

(armed robbery), and he is alleged to have possessed several firearms and a significant quantity of methamphetamines in this case. He has also violated probation in the past and is alleged to have committed the offenses charged here while on parole for a previous crime.

The third factor that the Court must consider is "the history and characteristics of the person" accused. 18 U.S.C. §3142(g)(3). The primary evidence in this record concerning Johnson's history and characteristics is his extensive criminal record. He has been convicted of a prior violent felony, has a lengthy criminal record, and is alleged to have committed this crime while on parole. A search of his residence also uncovered several loaded weapons, including an assault rifle. Finally, Johnson has also missed court appearances in prior cases. On this record, Johnson's history and characteristics suggest a dangerous person who should not be released prior to trial.

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by [Johnson's] release." 18 U.S.C. §3142(g)(4). For all of the reasons explained above, this factor weighs heavily in favor of a finding that Johnson poses a danger and should be detained.

The Court finds, by clear and convincing evidence, that Johnson poses a danger to the community. The question that remains is whether there is any condition or set of conditions of release that can adequately protect the community. The Court concludes that there are not. Johnson poses a serious danger and has a

well-documented history of failing to comply with the most basic condition of probation and/or parole – that he not commit any additional crimes. Johnson is not entitled to pre-trial release.

### C

Finally, Johnson has not persuaded the Court that is entitled to pre-trial release based upon the COVID-19 pandemic. The Court recognizes that COVID-19 poses a serious threat to all members of our community, including Johnson. And the Court is sensitive to the special risks that COVID-19 poses to incarcerated persons. In an appropriate case, the circumstances of the COVID-19 pandemic, and the pandemic's impact on a particular prisoner in a particular facility, could perhaps tip the balance in favor of pretrial release. However, in this case, based upon the balance of factors described above, the Court is not persuaded that the COVID-19 pandemic justifies releasing Johnson prior to trial.

### IV

For all of the reasons stated above, Johnson's motions for revocation of the Detention Order (ECF Nos. 31, 49, 50) are **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2020, by electronic means and/or ordinary mail.

                                                  s/Holly A. Monda
                                                  Case Manager
                                                  (810) 341-9764