UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 19-cr-20437-1
                                      Hon. Matthew F. Leitman

D1, MICHAEL JOHNSON,

    Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (ECF No. 113)

On November 8, 2021, the Court sentenced Michael Johnson to serve ten years in federal prison for his plea-based conviction on a charge of conspiracy to distribute controlled substances. Johnson has now filed a motion for compassionate release. (*See* Mot., ECF No. 113.) For the reasons explained below, the motion is DENIED.

I

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.' " *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant compassionate release:

1

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Court of Appeals for the Sixth Circuit has explained that the following framework governs motions for compassionate release filed by inmates:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022). Section 3553(a) "blankets a vast terrain of sentencing factors," including "the nature and circumstances of a defendant's offense, the defendant's history and characteristics, and the need for the sentence to reflect the seriousness of the offense or provide just

2

punishment." *United States v. Eggleston*, 2021 WL 6101397, at *2 (6th Cir. Dec. 21, 2021) (citing *United States v. Jones* 980 F.3d 1098, 1114 (6th Cir. 2020) and 18 U.S.C. § 3553(a)) (internal quotations omitted).

## II

Johnson is not entitled to compassionate release because he has not shown the existence of extraordinary and compelling circumstances warranting his release. He first argues that such circumstances exist because he faces health risks from the COVID-19 virus. However, Johnson acknowledges that he has been vaccinated against the virus, and for that reason, his potential exposure to the virus while in custody "does not present an extraordinary and compelling reason warranting" release. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). *See also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (holding district court did not abuse its discretion when it denied a motion for compassionate release based on prisoner's underlying health conditions where defendant had been fully vaccinated against COVID-19).

Johnson also claims that his child is suffering adverse effects from his absence. While the Court certainly has sympathy for Johnson's child, the impact of Johnson's absence on the child is not unusual. Sadly, it is to be expected that a parent's absence in prison will cause some level of hardship for his family members. The level of hardship experienced by Johnson's child is not extraordinary.

3

Finally, even if Johnson could show extraordinary and compelling circumstances, the Court would still deny his motion because release is not consistent with the §3553(a) factors. Johnson's offense was serious and warranted a lengthy sentence. He has not yet served even one-half of his sentence. Releasing Johnson now would not reflect the seriousness of his offense, would result in insufficient punishment for Johnson, and would not promote respect for the law.

### III

For all of these reasons, Johnson's motion is DENIED.

**IT IS SO ORDERED.**

          s/Matthew F. Leitman
          MATTHEW F. LEITMAN
          UNITED STATES DISTRICT JUDGE

Dated:  April 24, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 24, 2023, by electronic means and/or ordinary mail.

          s/Holly A. Ryan
          Case Manager
          (313) 234-5126